```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

MELODY WILLETT,                  )
                                 )
          Plaintiff,             )
                                 )
     v.                          )      No.  11 C 6283
                                 )
ALLIANCE SHIPPERS, INC.,         )
                                 )
          Defendant.             )

## MEMORANDUM ORDER

This Court has received the chambers copy of last week's filing by defendant Alliance Shippers, Inc. ("Alliance") of its Amended Answer, including affirmative defenses ("ADs"), to the employment discrimination action brought against it by its ex-employee Melody Willett ("Willett"). That filing was occasioned by this Court's rejection of Alliance's groundless effort to dismiss one of the counts in Willett's Complaint--a count that set out in part the fact that the Illinois Department of Labor had expressly found that Alliance was "acting in bad faith" in denying Willett the copies of her personnel records that she had requested and to which she was entitled.

That revelation of such distressingly obstructive conduct on the part of Alliance's counsel has caused this Court to take a harder look at the current pleading than this Court had engaged in with respect to the original Answer, virtually all of which has been repeated verbatim in Alliance's new pleading. And although nothing said in this memorandum order should be

misunderstood as an expression of any opinion on the merits of this litigation, what the Amended Answer clearly reflects is a pattern of obfuscation that is totally at odds with the concept of notice pleading that under federal practice is incumbent on defendants as well as plaintiffs. Alliance's counsel have unfortunately not framed that pleading in a manner that serves the desired goal of making plain just what matters are and what matters are not at issue between the parties.

It would be an exhausting chore (and one that is really not this Court's responsibility) to set out chapter and verse as to the responses that demonstrate the obstructive aura that emanates from the Amended Answer. Instead this memorandum order will simply essay the identification of a small sample of the reasons, drawn solely from the early portions of the Amended Answer, as to why Alliance's counsel must return to the drawing board to produce a more straightforward and open responsive pleading.

Just by way of example: First, there is no reasonable predicate for Answer ¶1's "deni[al] that this action may be brought under Title VII of the Civil Rights Act of 1964"; second, Alliance can scarcely deny the statement in Complaint ¶3 as to what Willett <u>seeks</u> through this lawsuit; third, in light of the exhibits attached to the Complaint, it is difficult to understand the predicate for a Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer as to the allegations in Complaint ¶5; fourth, to the extent that

2

Willett's allegations as to her employment in Complaint ¶6 are viewed as inaccurate by Alliance, that shortfall should be identified specifically rather than being made the subject of a blanket denial in Answer ¶6; fifth, it is difficult to understand how Alliance can simply deny the allegations in Complaint ¶10 or provide the uninformative response set out in Answer ¶11. And the listing could go on and on.

But enough--as already stated, this Court's responsibility does not extend to doing counsel's job for them. What is clearly called for is Alliance's counsel's adoption of a far more constructive approach than they have manifested to date, with the substitution of a spirit of openness in place of the excessively cute (in the pejorative sense) stance that they have exhibited to this point.

Accordingly the current Amended Answer is stricken, but with leave of course granted to file a Second Amended Answer on or before February 29, 2012.[1] One final point. It is of course impossible for a court to know whether a pleading of the sort

---

[1] It is worth repeating that the criticisms voiced here must not be misconstrued as an expression on the merits of Willett's claims--it may well be that when all the facts are in this Court could reach the same conclusion, as stated by the Illinois Department of Human Rights in dismissing Willett's charges, "that there is NOT substantial evidence to support the allegations of the charges" (emphasis in original). But what counsel sometimes fail to understand that it is often easier to reach such a determination when litigants' presentations are forthright rather than unduly combative or convoluted.

3

addressed here is reflective of the lawyers doing the client's bidding or is instead the lawyers' own approach to the litigation process. If the latter is the case, no charge should be made to the client for the time and expense involved in preparation of the revised pleading ordered here. That decision will be left to Alliance's counsel, who are however ordered to transmit a copy of this memorandum order to their client.

_____
                Milton I. Shadur
                Senior United States District Judge

Date: February 15, 2012